IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUSTIN MILLER,

    Plaintiff,

v.                                                          Case No. 23-CV-00930 KG/JFR

SAFECO INSURANCE COMPANY OF
AMERICA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Emergency Motion to Remand (Doc. 11). That Motion is fully and timely briefed. *See* (Docs. 16, 19). Having considered the briefing and the applicable law, the Court grants the Motion in part.

I.    *Background*

Plaintiff Dustin Miller ("Miller") brings six claims related to Defendant Safeco Insurance Company of America's ("Safeco") refusal to pay his insurance claim after Miller was robbed. *Generally* (Doc. 1-A). On December 21, 2022, Miller filed his action against Safeco, Katisha Martinez ("Martinez"), and John Does I and II in the Second Judicial District Court, County of Bernalillo, State of New Mexico. *Id.* Safeco timely answered the Complaint, however, Martinez never responded. (Doc 16) at 2.

According to the Complaint, Martinez is joined in this lawsuit because Miller believes she conspired with John Does I and II to commit the robbery. (Doc. 11) at 3. Sometime before the robbery, Miller helped Martinez unlock about five laptops in his home. *Id.* During the robbery, John Does I and II knew Miller by name and mentioned Martinez but Miller withheld this information during the claims process. (Doc. 11-1). Miller explained in discovery responses

he did not mention Martinez during the claims process because he feared retaliation. (Doc. 19) at 5. He also explained it was not until sometime after the robbery that Miller saw his PlayStation 4 listed for sale on Facebook Marketplace. (Doc. 11-1).

On October 20, 2023, Safeco removed the case to this Court claiming diversity jurisdiction and alleging fraudulent joinder of the non-diverse named defendant, Martinez. (Doc. 1). In support, Safeco argues Miller fraudulently joined Martinez for two reasons. First, he withheld Martinez's involvement during the claims process. Second, Miller has not sought default judgment against Martinez even though she has not filed an answer nearly nine months after she was served with the Complaint. *Id.*

In his Motion to Remand, Miller argues removal was untimely and Martinez is properly joined. *Generally* (Doc. 11). In response, Safeco argues: (1) Martinez's joinder constitutes actual fraud because Miller did not mention Martinez to Safeco during the claims process; (2) Miller's claims against Martinez are not viable; (3) Martinez was never properly served and thus there is no possibility Miller will be able to establish a cause of action against her in state court; and (4) removal was timely. (Doc 16).

The Court considers the following three issues: (1) whether Martinez is properly or fraudulently joined; (2) whether Safeco timely filed for removal; and (3) whether attorney's fees should be awarded. If Martinez is properly joined, the Court lacks jurisdiction and must remand the case. If fraudulently joined, the Court must determine whether the case was timely removed.

II.     *Legal Standard*

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094–95 (10th Cir. 2005)

2

(citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. V. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002).

### III. Analysis

#### A. Joinder was not fraudulent.

In this case, Safeco asserts diversity jurisdiction based on fraudulent joinder. To establish fraudulent joinder, Safeco must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (citation omitted). The Tenth Circuit indicates fraudulent joinder must be "established with complete certainty upon undisputed evidence." *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 f.2D 879, 882 (10th Cir. 1967).

#### 1. Actual Fraud

Actual fraud occurs when the joinder is a patent sham or when a plaintiff is colluding with a nondiverse defendant to defeat removal. *Id.* Considering the entire record, Safeco has not established with complete certainty upon undisputed evidence actual fraud exists. It is true Miller did not mention Martinez's involvement during the claims process, however, Miller

3

explains he was fearful she would retaliate. Because Miller saw the Facebook listing of his stolen PlayStation 4 sometime after the robbery, it is possible he did not have this information during the claims process. Moreover, there is no evidence of collusion between Martinez and Miller. Because factual issues must be resolved in favor of Miller, Safeco has not established, with complete certainty, Martinez's joinder constitutes actual fraud in the pleadings.

### 2. No Cause of Action

A removing party must demonstrate there is "no possibility that [plaintiff] would be able to establish a cause of action against [the joined party]." *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished table decision) (citations omitted). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at *2. Finally, the Court must remand the case if "any one of the claims" against the non-diverse defendant is "possibly viable." *Id.* So, the Court should find fraudulent joinder only if there is "no possibility" of a claim against Martinez but must find her properly joined if there is any "possibly viable" claim against her.

In the Complaint, Miller brings six claims, two of which potentially implicate Martinez: (1) Count V, alleging conversion and civil theft; and (2) Count VI, alleging civil conspiracy. In the interest of efficiency, the Court does not address all potential claims. Instead, because the Court need only find a single possibly viable claim, it addresses only civil conspiracy. In New Mexico, civil conspiracy requires a party to demonstrate: (1) a conspiracy between two or more individuals existed; (2) specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) the plaintiff was damaged as a result of such acts. *Ettenson v. Burke*, 2001-

NMCA-003, ¶ 12. "The purpose of a civil conspiracy claim is to impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members." *Id.*

After considering the record and resolving all factual issues in favor of Miller, the Court finds there is a possibility Miller's conspiracy claim is viable. First, Miller asserts John Does I and II conspired with Martinez to commit the robbery. He claims the robbers knew his name and Martinez, and he later saw what appeared to be his stolen PlayStation 4 for sale on Martinez's Facebook Marketplace. Second, on February 4, 2022, the conspiracy was carried out and Miller was robbed. Third, Miller suffered economic damages as a result of the robbery. Since Safeco's burden is more exacting than that of a Rule 12(b)(6) motion, it has not established there is "no possibility" Miller's conspiracy claim is viable. Specifically, Safeco has not established with complete certainty that Martinez was not involved in the robbery nor that the Facebook listing of Miller's stolen property did not exist. The mere possibility of a claim is all that is necessary.

Safeco argues because Miller has not perfected service on Martinez, there is no possibility Miller will be able to establish a cause of action against her in state court. The Court believes the issue of service should be left for the state court to decide. However, because proper service is disputed, the Court resolves this issue in favor of Miller. Therefore, the Court presumes Martinez was properly served. Moreover, Martinez was properly served according to Rule 4(e) of the Federal Rules of Civil Procedure.

The Court concludes Miller has a possible conspiracy claim against Martinez. Thus, the Court determines Martinez was not fraudulently joined, the parties are not fully diverse, and this Court lacks jurisdiction. Because the Court lacks jurisdiction, it declines to reach the issue of timeliness.

### B. Attorney's Fees

In his Motion to Remand, Miller also requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

While the Court does not agree Martinez was fraudulently joined, the Court cannot say Safeco's basis of removal was objectively unreasonable. Further, Miller does not dispute the reasonableness of Safeco's removal arguments. The Court therefore declines to find Safeco lacked an objectively reasonable basis for seeking removal and will not award fees.

### IV. Conclusion

This Court grants the Motion to Remand because Defendants cannot establish fraudulent joinder with complete certainty upon undisputed evidence. Pursuant to 28 U.S.C. 1447(c), the Court hereby remands this case to the Second Judicial District Court for the State of New Mexico. A separate Order of Remand will follow.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE